UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC FRUHMORGEN,

    Plaintiff,

v.                                                                 Case No. 8:20-cv-1252-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 28). For the reasons discussed below, the Plaintiff's amended motion is granted.

I.

The Plaintiff initiated this action in June 2020, seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In September 2021, the Court entered an Order reversing the Commissioner's determination and remanding the case for further proceedings before

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, replacing the former Commissioner, Andrew M. Saul. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Mr. Saul as the Defendant in this suit.

the Social Security Administration (SSA). (Doc. 21). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 22). Roughly two months later, the Plaintiff sought and obtained $2,023.12 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA). (Docs. 23, 24).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 25-3). According to the letter authorizing this relief, the SSA withheld $30,887.03 of this past-due amount for a possible future award of attorney's fees. *Id.* at 3. This figure equates to twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

In September 2022, the Plaintiff filed a motion pursuant to 42 U.S.C. § 406(b), seeking fees totaling $30,887.03 for the services his lawyer rendered in this action. (Doc. 25). After the government submitted a response in opposition to the Plaintiff's fee request (Doc. 26), the Court directed the parties to confer on the matter to see if they could agree on a proposed fee figure based upon recent authority in this District addressing fee motions similar to the one brought by the Plaintiff (Doc. 27) (collecting cases).

The instant motion, filed by the Plaintiff last week, followed.[2] (Doc. 28). By way of that submission, the Plaintiff now asks that the Court approve a section 406(b) fee award in the amount of $20,000 instead of the larger sum previously sought. (Docs.

---

[2] Although the Court denied the Plaintiff's original motion as moot (Doc. 30), the Court relies on the Plaintiff's representations in that filing as requested by the Plaintiff in his instant motion (Doc. 28).

25, 28). This $20,000 figure does not conflict with the Plaintiff's fee agreement, as that contract provides for a contingency fee of up to twenty-five percent of his past-due benefits. *Id.* According to the Plaintiff, his counsel is aware of his obligation to reduce the $20,000 sum by the amount of the previous EAJA award of $2,023.12 in the event the Court grants his motion. (Doc. 25 at 3). The Commissioner has advised that she consents to the Plaintiff's revised fee request. (Doc. 29).

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner subsequently grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).[3] Under such circumstances, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir.

---

[3] The District's Standing Order in effect at the time of the Plaintiff's original motion provided that an attorney seeking fees pursuant to section 406(b) must move for such fees within sixty days of the date on the SSA's letter setting forth the amount of the past-due benefits. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021). The Plaintiff's lawyer represents that he received the SSA's letter in mid-August, such that his original motion was timely filed in mid-September. (Doc. 25 at 3). The Commissioner agrees. (Doc. 26 at 2).

3

2010). To ensure this is the case, section 406(b) mandates that courts conduct an independent review of counsels' fee arrangements with their clients. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, courts may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. Courts may also require that the approved fee amount be offset by any previous fee award or by any fees due counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406 must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting an earlier EAJA award from a later section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $20,000 is based upon 9.75 hours expended by his counsel on this appeal during 2020 and 2021. (Doc. 25-1). This monetary sum encompasses all the work the Plaintiff's lawyer performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after fee award equates to less than twenty-five percent of the total past-due benefits granted the Plaintiff. (Docs. 25-1, 25-3). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's

non-opposition to the Plaintiff's amended motion, the Court finds that the proposed fee figure is reasonable.

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's amended motion for attorney's fees (Doc. 28) is granted, and the Plaintiff shall be awarded fees in the amount of $20,000 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to the Plaintiff's lawyer from the past-due benefits currently being withheld by the Commissioner.

2. Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee award of $2,023.12.

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 18th day of January 2023.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record